IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LORENZO TESFAY | ) |
| | ) |
| v. | ) NO. 3-14-2006 |
| | ) JUDGE CAMPBELL |
| REPUBLIC PARKING | ) |
| SYSTEM, INC. | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 20). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

INTRODUCTION

Plaintiff, an African-American male born in 1953, has sued his former employer, alleging violations of Title VII and the Age Discrimination in Employment Act ("ADEA"). In May of 2005, Plaintiff began work for Defendant as General Manager of two parking facilities in Nashville.[1] His responsibilities included oversight of personnel and operations at the two parking facilities.

Defendant contends that Plaintiff was fired because he allowed an employee who had been arrested to return to work and never reported to his supervisors that the employee had been arrested. Plaintiff argues that he did not know the employee was arrested.

Plaintiff's Complaint avers that he did not witness Ms. Coffee being arrested and, in fact, did not learn of her arrest until the time of his firing. He contends that he had no proof or evidence that he felt would have justified disciplining or firing Ms. Coffee. Plaintiff does not dispute that he allowed Ms. Coffee to return to work after her arrest and did not tell his supervisors about the situation, but Plaintiff argues that he did not know she had been arrested.

---

[1]  Plaintiff had worked for Defendant previously.

It is undisputed that on June 20, 2013, Jack Skelton, a vice president of Defendant, received a call from the owner of the Cummins Station facility, who informed Skelton that one of Plaintiff's subordinates had been arrested on June 7 while working at the Cummins Station facility. This telephone call was Skelton's first notice of the employee's arrest.

Defendant's management agreement with the company that operates Cummins Station provides that Defendant's client (Cummins Station) has the right to demand the removal of Defendant's General Manager from the client's property for any reason. In the call to Skelton, the Cummins Station owner requested the removal of Plaintiff from the property.

Defendant claims that, because of the client's request to remove Plaintiff from the Cummins Station facility and because of Plaintiff's failure to communicate the arrest and allowing Ms. Coffee to return to work, Plaintiff was fired for poor judgment. Plaintiff alleges that he was terminated because of his race and age.[2]

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this

---

[2] Although Plaintiff's Complaint alleges hostile work environment based on race and age, neither party has addressed those claims in their briefing on this Motion and Plaintiff has presented no evidence of a hostile work environment, so any such claims are dismissed.

burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

ANALYSIS

Racial Discrimination

In order to establish a claim for discrimination based upon race, Plaintiff must show that (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) he was qualified for the position; and (4) he was replaced by someone outside the protected class or treated differently from a similarly situated person outside the protected class. *Vickers v. Fairfield Medical Center*, 453 F.3d 757, 762 (6th Cir. 2006). If Plaintiff establishes a *prima facie* case of discrimination, the burden of production shifts to Defendant to provide a legitimate, nondiscriminatory reason for its actions. *Day v. Krystal Co.*, 471 F.Supp.2d 874, 883 (E.D. Tenn. 2007). If Defendant satisfies this burden, Plaintiff must then prove that Defendant's proffered reason is a pretext for unlawful discrimination. *Id.*

Defendant does not dispute that Plaintiff has established the first three elements of his race discrimination claim. Defendant argues, however, that Plaintiff cannot show that he was replaced by a person outside the protected class (he was replaced by an African-American male). In any event, Defendant contends that, even if he could establish a *prima facie* case, Plaintiff cannot show that Defendant's legitimate, nondiscriminatory reason for Plaintiff's firing was pretextual.

Defendant's reason for firing Plaintiff is based upon its allegation that Plaintiff knew Ms. Coffee had been arrested and, nonetheless, did not report it and allowed her to come back to work. That fact is not undisputed, however. But, whether Plaintiff knew that Ms. Coffee had been arrested is not a *material* fact.

Defendant has provided a legitimate, nondiscriminatory reason for Plaintiff's firing - poor judgment with regard to an employee. Thus, the burden shifts back to Plaintiff to show that the reason given by Defendant was just a pretext for decisions actually motivated by unlawful bias against race. Throughout this burden-shifting approach, the plaintiff bears the ultimate burden of proving, by a preponderance of the evidence, the intent to discriminate. *Sybrandt v. Home Depot U.S.A., Inc.*, 560 F.3d 553, 557-58 (6th Cir. 2009). Plaintiff may establish pretext by showing that the proffered reason (1) has no basis in fact; (2) did not actually motivate the adverse employment action; or (3) was insufficient to warrant the adverse action. *Id*. at 558.

The Court finds that Plaintiff has failed to show pretext. Defendant had a factual basis for honestly believing that Plaintiff knew Ms. Coffee was arrested, failed to inform his supervisors, and allowed her to return to work. Plaintiff has failed to show that Defendant's reason did not actually motivate his firing. Defendant's decision was not unreasonable under the circumstances. So long as an employer has an honest belief in its proffered reason for discharging an employee, the

4

employee cannot establish that the reason was pretextual simply because it is ultimately shown to be incorrect. *Sybrandt*, 560 F.3d at 559.

Most importantly, however, even though Plaintiff has shown a dispute about what he knew, he has failed to show that the decision to fire him had anything to do with race. Plaintiff disagrees with the reason for his firing, but simply disagreeing with the decision is insufficient to prove pretext. Plaintiff must also show the intent to discriminate, that the decision was based upon his race. Here, Plaintiff has not shown (or created a genuine issue of material fact concerning) that Defendant's decisions were actually motivated by unlawful bias against race.

For these reasons, Defendant's Motion for Summary Judgment is granted as to Plaintiff's race discrimination claim.

Age Discrimination

In order to establish a claim for age discrimination, Plaintiff must prove that age was the "but-for" cause of Defendant's decision to fire him. *Gross v. FBL Financial Services, Inc.*, 129 S.Ct. 2343, 2350 (2009). For a *prima facie* case, Plaintiff must show (1) membership in a protected group; (2) qualification for the position he held; (3) an adverse employment action; and (4) circumstances that support an inference of discrimination. *Blizzard v. Marion Technical College*, 698 F.3d 275, 283 (6th Cir. 2012).

If Plaintiff is able to establish a *prima facie* case of age discrimination, the burden shifts to the Defendant to articulate a legitimate, nondiscriminatory reason for any adverse employment action. *Rowan v. Lockheed Martin Energy Systems, Inc.*, 360 F.3d 544, 547 (6th Cir. 2004). If Defendant articulates a legitimate, nondiscriminatory reason for its action, Plaintiff must show that reason to be pretextual. Plaintiff may demonstrate pretext by showing that the proffered reason (1)

has no basis in fact, (2) did not actually motivate Defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct. *Best v. Blount Memorial Hosp.*, 195 F.Supp. 2d 1034, 1042 (E.D. Tenn. 2001).

As with the race discrimination claim, even if Plaintiff can establish a *prima facie* case, he has not shown that Defendant's decision had anything to do with his age. Again, Defendant had a factual basis for honestly believing that Plaintiff knew Ms. Coffee was arrested, failed to inform his supervisors, and allowed her to return to work. Plaintiff has failed to show that Defendant's reason did not actually motivate his firing. Defendant's decision was not unreasonable under the circumstances. And, most importantly, Plaintiff has failed to show that Defendant's decision was based upon Plaintiff's age.

Therefore, Defendant's Motion for Summary Judgment is also granted as to Plaintiff's age discrimination claim.

## CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment (Docket No. 20) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE